IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIA FULLWOOD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 23 cv 5612 ) ) Judge Franklin U. Valderrama |
| THE FEDERAL SAVINGS BANK, | ) ) |
| Defendant. | ) |

**DEFENDANT'S UNOPPOSED MOTION FOR ENTRY OF JUDGMENT
CONFIRMING ARBITRATION AWARD**

This motion is unopposed. Defendant The Federal Savings Bank ("TFSB"), by Daniel S Hefer, one of its attorneys, moves, pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, for entry of judgment confirming the arbitration award in this case. In support of its motion, TFSB states as follows:

1. On August 17, 2023, the plaintiff, Kia Fullwood ("Fullwood"), commenced this action against her former employer, TFSB.

2. Fullwood's written employment agreement with TFSB (attached hereto as Exhibit A) provides, in pertinent part:

> In the event of a Covered Dispute instead of litigating the dispute before a court and/or jury, the Parties shall exclusively submit such a matter to binding arbitration in accordance with the rules of JAMS Arbitration applicable to employment claims....

3. Pursuant to that contract provision, on October 3, 2023, TFSB moved, under Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, for entry of an order staying this case and compelling the parties to arbitrate. (Doc. #9.)

4. Fullwood did not oppose TFSB's motion to stay this case and compel arbitration.

5. On October 6, 2023, the Court entered and order granting the motion to stay the case and

compel arbitration. (Doc. #10.)

6. On October 24, 2023, Fullwood commenced and arbitration proceeding with JAMS. The claims Fullwood raised in that proceeding are set forth in her Complaint, which is attached hereto as Exhibit B.

7. On August 26, 2024, the arbitrator entered a final award (attached hereto as Exhibit C) dismissing Fullwood's claims with prejudice and without costs.

8. Rule 24(k) of the JAMS Employment Arbitration Rules and Procedures provides:

> The Award is considered final, for purposes of either the Optional Arbitration Appeal Procedure pursuant to Rule 34 or a judicial proceeding to enforce, modify or vacate the Award pursuant to Rule 25, fourteen (14) calendar days after service if no request for a correction is made, or as of the effective date of service of a corrected Award.

9. More than fourteen days have elapsed since the entry of the arbitration award. The parties have not agreed to the Optional Arbitration Appeal Procedure, and no request for a correction of the award has been made.

10. Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

11. The TFSB/Fullwood employment contract does not contain an express provision saying that a court may enter judgment upon the arbitration award. However, the contract provides that (a) the arbitration award shall be "instead of litigating the dispute before a court and/or jury", (b) the arbitration award shall be "binding", and (c) the arbitration shall be conducted "in accordance with

the rules of JAMS Arbitration applicable to employment claims". Those rules provide, in pertinent part:

> Proceedings to enforce, confirm, modify or vacate an Award will be controlled by and conducted in conformity with the Federal Arbitration Act, 9 U.S.C. Sec 1, et seq., or applicable state law. The Parties to an Arbitration under these Rules shall be deemed to have consented that judgment upon the Award may be entered in any court having jurisdiction thereof.

(JAMS Employment Arbitration Rules and Procedures, Rule 25.)

12. Moreover, Fullwood did not oppose TFSB's motion seeking to stay this case and to, instead, compel binding arbitration of Fullwood's claims. (Doc. #s 9 and 10.)

13. The Seventh Circuit has held that, in circumstances such as those present in this case as described in Paragraphs 11 and 12 of this motion, an express provision in the parties' contract that judgment may be entered on an arbitration award is not a requirement, and that, in such circumstances, upon the motion of a party, a court should enter judgment on the award. *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.*, 639 F.2d 386, 389–90 (7th Cir. 1981); *Daihatsu Motor Co. v. Terrain Vehicles, Inc.*, 13 F.3d 196, 199–203 (7th Cir. 1993).

WHEREFORE, The Federal Savings Bank moves for entry of final judgment on the arbitrator's award dismissing Kia Fullwood's claims with prejudice and without costs.

THE FEDERAL SAVINGS BANK

By  /s/  Daniel S Hefter
    One of Its Attorneys

Daniel S Hefter
**HEFTER LAW, LTD.**
332 S. Michigan Ave.
Suite 900
Chicago, IL 60604
(312) 403-9292
dhefter@hefter-law.com

Dated: October 18, 2024

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on October 18, 2024, the foregoing Defendant's Unopposed Motion Confirming Arbitration Award was served on all counsel who have filed appearances in this case via the Court's electronic filing and service program.

/s/   Daniel S Hefter
Daniel S Hefter